Ronald Abramson
David G. Liston
Ari J. Jaffess
M. Michael Lewis
**LEWIS BAACH**
  **KAUFMANN MIDDLEMISS pllc**
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
Tel: (212) 826-7001
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **WAG ACQUISITION, L.L.C.**, <br><br> Plaintiff, <br><br> v. <br><br> **MULTI MEDIA, LLC., et al.** <br><br> Defendants. | No.: **2:14-cv-02340-ES-MAH** |
| **WAG ACQUISITION, L.L.C.**, <br><br> Plaintiff, <br><br> v. <br><br> **DATA CONVERSIONS, INC., et al.** <br><br> Defendants. | No.: **2:14-cv-02345-ES-MAH** |
| **WAG ACQUISITION, L.L.C.**, <br><br> Plaintiff, <br><br> v. <br><br> **FLYING CROCODILE, INC., et al.** <br><br> Defendants. | No.: **2:14-cv-02674-ES-MAH** |

| | |
|---|---|
| **WAG ACQUISITION, L.L.C.**, <br><br>        Plaintiff, <br><br> v. <br><br> **GATTYÁN GROUP S.á r.l., et al.** <br><br>        Defendants. | No.: **2:14-cv-02832-ES-MAH** |
| **WAG ACQUISITION, L.L.C.**, <br><br>        Plaintiff, <br><br> v. <br><br> **FRIENDFINDER NETWORKS, INC., et al.** <br><br>        Defendants. | No.: **2:14-cv-03456-ES-MAH** |
| **WAG ACQUISITION, L.L.C.**, <br><br>        Plaintiff, <br><br> v. <br><br> **VUBEOLOGY, INC., et al.** <br><br>        Defendants. | No.: **2:14-cv-04531-ES-MAH** |
| **WAG ACQUISITION, L.L.C.**, <br><br>        Plaintiff, <br><br> v. <br><br> **WEBPOWER, INC., et al.** <br><br>        Defendants. | No.: **2:15-cv-03581-ES-MAH** |

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' JOINT
MOTION TO DISMISS OR TRANSFER**

## **TABLE OF CONTENTS**

*A.      Defendants Have Waived Any Venue Challenge* ...........................................3

*B.      The Defense of Improper Venue Has Been Available Since the Inception of these Cases* ...................................................................................................6

*C.      The Present Cases are Too Far Along* ........................................................13

*D.      LLCs are not Even Covered by the TC Heartland Ruling* .........................16

CONCLUSION ....................................................................................19

# TABLE OF AUTHORITIES

## Cases

*Aralez Pharm. Inc. v. Teva Pharm. USA, Inc.*, No. 2:17-CV-00071 (E.D. Tex. July 17, 2017), *adopted by* (E.D. Tex. Aug. 10, 2017) ...............................................2

*Amax, Inc. v. ACCO Brands Corp.*, No. CV 16-10695, 2017 WL 2818986 (D. Mass. June 29, 2017*)* ...........................................................................................4

*Blue Spike, LLC v. Nook Digital, LLC*, No. 6:16-cv-1361 (E.D. Tex. July 28, 2017) ..................................................................................................................... 14-15

*Chamberlain Grp., Inc. v. Techtronic Indus. Co.*, No. 16 C 06097, 2017 WL 3205772 (N.D. Ill. June 28, 2017) ......................................................................2

*Cobalt Boats, LLC v. Sea Ray Boats, Inc.*, No. 2:15-CV-21, 2017 WL 2556679 (E.D. Va. June 7, 2017), *mandamus writ denied*, No. 2017-125, 2017 WL 2577399 (Fed. Cir. June 9, 2017) ...............................................................10, 14

*CG Tech. Dev., LLC v. Fanduel, Inc.*, No. 2:16-cv-00801 (D. Nev. July 27, 2017) .........................................................................................................................15

*Crest Audio, Inc. v. QSC Audio Prods., LLC*, No. 3:12-cv-755 (S.D. Miss. Aug. 7, 2017) .........................................................................................................10

*Cutsforth, Inc. v. Westinghouse Air Brake Techs. Corp.*, No.12-cv-1200 (D. Minn. Aug. 4, 2017) ..................................................................................................15

*Diem LLC v BigCommerce, Inc.*, No. 6:17-CV-00186, 2017 WL 3187473 (E.D. Tex. July 26, 2017) ...............................................................................................2

*Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*, No. 2:15-CV-00037, 2017 WL 2651618 (E.D. Tex. June 20, 2017) ..................................................10

*Fourco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 222 (1957) ..............1, 8

*Fox Factory Inc. v SRAM, LLC*, No. 3:16-cv-00506 (N.D. Cal. July 18, 2017) ...2, 9

*Hand Held Products Inc. v. The Code Corporation*, No. 2-17-cv-00167 (D.S.C. July 18, 2017).............................................................................................13

*Indivior Inc. v. Mylan Techs. Inc.*, No. 15-cv-1016 (D. Del. July 28, 2017) ...........4

*Infogation Corp. v. HTC Am., Inc.*, No. 16-cv-01902, 2017 WL 2869717 (S.D. Cal. July 5, 2017)................................................................................................5

*Ironburg Inventions LTD. v. Valve Corporation*, No. 1:15-cv-4219 (N.D. Ga. Aug. 3, 2017) ................................................................................................16

*Jarratt v. Amazon.com, Inc.*, No. 5:16-cv-05302 (W.D. Ark. Aug. 10, 2017)........15

*Koninklijke Philips N.V. v ASUSTek Computer Inc.*, No. 15-1125, 2017 WL 3055517 (D. Del. July 19, 2017) ...............................................................2, 4, 9

*Landmark Networks, LLC v. Valve Corp.*, No. 16-cv-1382 (E.D. Tex. May 30, 2017) ................................................................................................13

*Leroy v. Great Western United Corp.*, 443 U.S. 173 (1979)....................................12

*Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998) ......12

*Mantissa Corp. v. Ondot Sys., Inc.*, No. 4:15-cv-01133, 2017 WL 3175645 (S.D. Tex. July 26, 2017) ................................................................................. 2-3, 7

*Maxchief Investments Limited v. Plastic Development Group, LLC*, 3:16-cv-63 (E.D. Tenn., Aug. 14, 2017) ......................................................................15, 18

*McGinley v. Luv N' Care, Ltd.*, No. 16-cv-00283 (W.D. Mo. June 23, 2017)........13

*McRo, Inc. v. Valve Corp.*, No. SACV 13-1874, 2017 WL 3189007 (C.D. Cal. July 24, 2017) ...............................................................................................2

*MyMail, Ltd. v. Yahoo!, Inc.*, No. 2:16-cv-01000 (E.D. Tex. Aug. 17, 2017) (*report and recommendation*) ..................................................................................10

*Narducci v. Moore*, 572 F.3d 313 (7th Cir. 2009)....................................................17

*Olberding v. Illinois Cent. R. Co.*, 346 U.S. 338 (1953) .........................................12

*OptoLum, Inc. v. Cree, Inc.*, No. 2-16-cv-03828, 2017 WL 3130642 (D. Ariz. July 24, 2017) ........................................................................................... 11-14

*Orthosie Sys. LLC v. Actsoft, Inc.*, No. 4:16-cv-00873 (E.D. Tex. July 25, 2017) ......................................................................................................2

*Orthosie Sys., LLC v. Synovia Solutions LLC*, 4:16-cv-00995 (E.D. Tex. July 31, 2017) ................................................................................................11

*POWERbahn, LLC, v. Foundation Fitness LLC*, No. 3:15-cv-00327 (D. Nev. Aug. 7, 2017) ................................................................................................15

*Prolacta Bioscience, Inc. v. Ni-Q, LLC*, No. 17-cv-04071 (C.D. Cal. Aug. 7, 2017) ......................................................................................................14

*Realtime Data LLC v. Barracuda Networks, Inc.*, No. 6:17-CV-120 (E.D. Tex. July 13, 2017), *adopted by* (E.D. Tex. Aug. 1, 2017) ..................................................2

*Realtime Data LLC v. Carbonite, Inc.*, No. 6:17-CV-121 (E.D. Tex. July 11, 2017) (*report and recommendation*) ..............................................................................2

*Realtime Data LLC v Echostar Corp.*, No. 6:17-CV-84 (E.D. Tex. July 19, 2017) (*report and recommendation*) ..............................................................................2

*Realtime Data, LLC v. Rackspace US, Inc.*, No. 6:16-CV-00961 (E.D. Tex. July 21, 2017), *adopted after de novo review by* (E.D. Tex. Aug. 21, 2017) ...... 2, 4-5

*Semcon IP Inc. v. STMicroelectronics Inc.*, No. 2:16-CV-00439 (E.D. Tex. Aug. 10, 2017) (*report and recommendation*) ........................................................ 9-10

*Skyhawke Techs., LLC v. DECA Int'l Corp.*, No. 3:10cv708, 2017 WL 3132066 (S.D. Miss. July 20, 2017) ..............................................................................2, 7

*Takeda Pharm. U.S.A, Inc. v. Mylan Pharm., Inc.*, No. 16-cv-987 (D. Del. Aug. 3, 2017) ........................................................................................................ 10-11

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S.Ct. 1514 (2017) ........... .......................................................................................................................*passim*

*Tinnus Enters., LLC v. Telebrands Corp.*, No. 6:15-CV-00551 (E.D. Tex. Aug. 8, 2017) ........................................................................................................ 2, 9-10

*Tinnus Enters., LLC v. Telebrands Corp.*, No. No. 6:16-CV-00033 (E.D. Tex. Aug. 1, 2017) ................................................................................................................6

*Valspar Corp. v. PPG Indus., Inc.*, No. 16-cv-1429 (D. Minn. Aug. 4, 2017) .......15

*VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1575 (Fed. Cir. 1990) ................................................................................................................8

*Vento. v. Director of Virgin Islands Bureau of Internal Revenue*, 715 F.3d 455 (3d Cir. 2013) ..............................................................................................................17

*Westech Aerosol Corporation v. 3M Co.*, No. 3-17-cv-05067, 2017 WL 2671297 (W.D. Wash. June 21, 2017)..............................................................................13

*Wordlogic Corp. v. Flesky Inc.*, No. 16 c 11714 (N.D. Ill. July 18, 2017) ..............2

*Yots v. Comm'r Soc. Sec.*, No. 16-3561, 2017 WL 3049427 (3d Cir. 2017)..........17

## Statutes and Regulations

Fed. R. Civ. P. 12 ......................................................................................................3

The moving defendants in the above-captioned cases (hereinafter "Defendants") have long ago waived any argument that they might have had regarding venue. Years ago, all of the Defendants made and lost a motion to dismiss under Rule 12, which did not raise any issue of venue (see D.I. 48 in Case No. 14-2340[1] served on Nov. 14, 2014 and filed on Jan. 12, 2015),[2] and the Defendants thereafter answered without contesting venue.

Defendants allege that the Supreme Court's May 22 decision in *TC Heartland* constitutes a change in the law, but the clear majority of courts that have considered the Supreme Court's *TC Heartland* decision have found no change of law. Indeed, the Supreme Court's decision in *TC Heartland* itself is based directly on its prior decision in *Fourco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 222 (1957).

Defendants' opening brief paints an incorrect picture of the state of the law on this issue. The brief cites to the three cases that go in Defendants favor, discusses one case that goes against Defendants and cites a few more in a footnote (Brief in Support of Defendants' Motion to Dismiss or Transfer D.I. 153-1 (hereinafter "Defs.' Br.") at 27-29 & n. 9), while ***fully ignoring 15 cases*** that go

---

[1] Citations herein to docket entries are to those in Case No. 14-2340, unless otherwise noted.

[2] Defendants' omnibus motion to dismiss is notable for *not* including a venue defense under Rule 12(b)(3).

against their argument,[3] an omission that is at best sloppy and at worst disingenuous.

Defendants allege that this case is in its "early" stages, ignoring years of litigation, dozens of depositions, the conclusion of fact liability discovery, and various motions and disputes put before the Court. Defendants also have the temerity to point to the fact that the Joint Claim Construction and Prehearing Statement has not yet been submitted, which is only true because Defendants have twice asked for extensions, to which WAG consented.

_____

[3] *Mantissa Corp. v. Ondot Sys., Inc.*, No. 4:15-cv-01133, 2017 WL 3175645 (S.D. Tex. July 26, 2017); *Skyhawke Techs., LLC v. DECA Int'l Corp.*, No. 3:10cv708, 2017 WL 3132066 (S.D. Miss. July 20, 2017); *Fox Factory Inc. v SRAM, LLC*, No. 3:16-cv-00506 (N.D. Cal. July 18, 2017) (Declaration of Mord Michael Lewis (hereinafter "Lewis Decl."), Ex. F); *Wordlogic Corp. v. Flesky Inc.*, No. 16 c 11714 (N.D. Ill. July 18, 2017) (Lewis Decl., Ex. Z); *Diem LLC v BigCommerce, Inc.*, No. 6:17-CV-00186, 2017 WL 3187473 at *1 (E.D. Tex. July 26, 2017); *Orthosie Sys. LLC v. Actsoft, Inc.*, No. 4:16-cv-00873 (E.D. Tex. July 25, 2017) (Lewis Decl., Ex. M); *McRo, Inc. v. Valve Corp.*, No. SACV 13-1874, 2017 WL 3189007 (C.D. Cal. July 24, 2017); *Realtime Data, LLC v. Rackspace US, Inc.*, No. 6:16-CV-00961 (E.D. Tex. July 21, 2017), *adopted after de novo review by* (E.D. Tex. Aug. 21, 2017) (Lewis Decl., Ex. T); *Chamberlain Grp., Inc. v. Techtronic Indus. Co.*, No. 16 C 06097, 2017 WL 3205772 (N.D. Ill. June 28, 2017); *Koninklijke Philips N.V. v ASUSTek Computer Inc.*, No. 15-1125, 2017 WL 3055517, at *3 (D. Del. July 19, 2017); *Realtime Data LLC v Echostar Corp.*, No. 6:17-CV-84 (E.D. Tex. July 19, 2017) (*report and recommendation*) (Lewis Decl., Ex. S); *Aralez Pharm. Inc. v. Teva Pharm. USA, Inc.*, No. 2:17-CV-00071 (E.D. Tex. July 17, 2017), *adopted by* (E.D. Tex. Aug. 10, 2017) (Lewis Decl., Ex. A); *Realtime Data LLC v. Carbonite, Inc.*, No. 6:17-CV-121 (E.D. Tex. July 11, 2017) (*report and recommendation*), *adopted by* (E.D. Tex. Aug. 21, 2017) (Lewis Decl., Ex. R); *Realtime Data LLC v. Barracuda Networks, Inc.*, No. 6:17-CV-120 (E.D. Tex. July 13, 2017), *adopted by* (E.D. Tex. Aug. 1, 2017) (Lewis Decl., Ex. Q); *Tinnus Enters., LLC v. Telebrands Corp.*, No. 6:15-CV-00551 (E.D. Tex. Aug. 8, 2017) (Lewis Decl., Ex. W).

Pre-*Markman* procedures have been ongoing for months, and have required considerable work, which will be lost if these cases are moved to different districts with different local patent rules.

In addition to there being waiver of venue, Defendants' brief completely fails to address the fact that many of the Defendants are limited liability companies ("LLCs"), which are not corporations at all, and are thus expressly excluded from the *TC Heartland* decision on which Defendants exclusively rely. This inadequacy in Defendants' moving papers applies to three of the seven cases before the Court, *WAG Acquisition L.L.C. v. Multi Media LLC et al.*, Case No. 14-cv-2340, *WAG Acquisition L.L.C. v. Data Conversions, Inc. et al.*, Case No. 14-2345, and *WAG Acquisition L.L.C. v. Gattyan Group S.à r.l et al.*, Case No. 14-cv-2832.

## A. Defendants Have Waived Any Venue Challenge

A defendant must challenge the venue chosen in a complaint by raising the issue in a motion under Rule 12(b) prior to submission of the responsive pleading. Fed. R. Civ. P. 12(b). A defendant waives its right to challenge venue when it does not timely raise the issue. Fed. R. Civ. P. 12(h)(1).

After their unsuccessful motion to dismiss (in which the Defendants herein failed to raise any issue as to venue), Defendants each answered WAG's complaints on October 26, 2015, and none of them contested venue. Defendants thus failed to assert improper venue either by motion or as part of a responsive pleading, which unambiguously constitutes waiver under Fed. R. Civ. P. 12(h). *See Mantissa Corp. v. Ondot Sys., Inc.*, No. 4:15-cv-01133, 2017 WL 3175645 (S.D. Tex. July 26, 2017)*, 2017 WL 3175645, at *3 (notwithstanding *TC Heartland*, by

filing an answer in August of 2016 without raising the issue of proper venue Ondot "failed to comply with the requirements of Rule 12" and "waived its objection to venue.").

Actively litigating a case further supports finding waiver of a party's right to later challenge venue under *TC Heartland*. *See, e.g.*, *Koninklijke Philips N.V. v ASUSTek Computer Inc.*, No. 15-1125, 2017 WL 3055517, at *3 (D. Del. July 19, 2017) (denying transfer as waived by defendants "actively litigating this case since December 2015" including "(1) participat[ing] in a scheduling conference; (2) conduct[ing] discovery, (3) enter[ing] into a stipulation and protective order with the plaintiff; and (4) mov[ing] the court to allow their out of state counsel to appear pro hac vice."); *Indivior Inc. v. Mylan Techs. Inc.*, No. 15-cv-1016, slip op. at 2 (D. Del. July 28, 2017) (denying renewed venue motion where defendant "[h]aving actively participated in litigation here for so long [since November of 2015], Defendant has communicated its consent to venue here in the District of Delaware.") (Lewis Decl., Ex. H); *Amax, Inc. v. ACCO Brands Corp.*, No. CV 16-10695, 2017 WL 2818986, at *2-3 (D. Mass. June 29, 2017) (defendant waived improper venue defense—despite objecting to venue in answer and filing a motion to transfer pursuant to 28 U.S.C. § 1404(a)—in part because defendant attended a scheduling conference and filed an early motion for summary judgment).

In *Realtime Data LLC v. Rackspace US, Inc.*, Magistrate Judge Love recommended denying a motion to transfer where the defendants had "done more than merely defend against Realtime's claims of patent infringement." No. 6:16-CV-00961, slip op. at 4 (E.D. Tex. July 21, 2017), *adopted after de novo review by*

(E.D. Tex. Aug. 21, 2017) (Lewis Decl., Ex. T). The defendants in *Realtime Data* had "filed numerous discovery motions, challenged Realtime's patent claims based on alleged indefiniteness in their Markman briefing, and otherwise submitted to venue in this district." *Id.*

In *Infogation Corp. v. HTC Am., Inc.*, the court found that defendants waived any challenge to venue through litigation conduct by participating in litigation for "approximately a year" including by, among other things, serving invalidity contentions, filing two motions to stay, and participating in claim construction. No. 16-cv-01902, 2017 WL 2869717, at *3 (S.D. Cal. July 5, 2017). The *Infogation* court found it "particularly important" that the defendants (like the Defendants here) filed a motion to invalidate the patent in question under 35 U.S.C. § 101. *Id.*

Ironically, Defendants tout all of the arguments that they have (unsuccessfully) made thus far in the litigation. (*See* Defs.' Br. at 3-4.) In addition to numerous discovery motions, and voluminous invalidity contentions, Defendants filed a kitchen sink motion to dismiss arguing, among other things, unenforceability of certain WAG patent claims and invalidity of all WAG patent claims pursuant to 35 U.S.C. § 101. Making all of these substantive arguments constitutes actively litigating the case, thereby waiving any venue argument Defendants may have had.

Further still, Defendants Multi Media LLC (Case No. 14-2340), WMM, LLC and WMM Holdings, LLC (Case No. 14-cv-2345), FriendFinder Networks Inc. and Streamray Inc. (Case No. 14-cv-3456), and WebPower, Inc. (Case No. 15-

cv-3581) all filed counterclaims in their respective cases, each affirmatively stating that "[v]enue is proper in this Court because WAG has consented to venue in the District of New Jersey by filing its claims for patent infringement in this Court,"[4] thereby affirmatively seeking action in the present venue. As explained in *Tinnus Enters., LLC v. Telebrands Corp.*, Defendants have thereby "waived [their] venue defense by filing affirmative counterclaims without objecting to venue." No. 6:16-CV-00033, slip op. at 7 (E.D. Tex. Aug. 1, 2017) (*report and recommendation*) (Lewis Decl., Ex. X).

By failing to raise a venue challenge in their Motion to Dismiss, and by actively litigating these cases for years, Defendants have waived any challenge to venue.

## B. The Defense of Improper Venue Has Been Available Since the Inception of these Cases

To avoid the clear conclusion of waiver under Rule 12(h)(1), Defendants allege that *TC Heartland* created "a new principle of law" that must be applied retroactively, and that the venue defense was thus not "available" to them at the time, under Rule 12(g)(2), and therefore not waived. (Defs.' Br. at 7.) Courts across the country, including all of the decisions listed in the preceding section of this brief, have decided that this assertion is incorrect. "With near unanimity, those courts have held that *TC Heartland* does not constitute 'an intervening change in controlling law' and thus does not excuse a party's failure to object to venue in a

---

[4] *See* Case No. 14-cv-2340, D.I. 67 at 11-15; Case No. 14-cv-2345, D.I. 61 at 11-15; Case No. 14-cv-3456, D.I. 61 at 15-22; Case No. 15-cv-3581, D.I. 27 at 16-20.

timely manner." *Mantissa*, 2017 WL 3175645, at *3. "By far, the majority of courts that have considered this same argument have rejected it, finding that *TC Heartland* was not an intervening change in the law and hence does not excuse a Defendant's waiver of its defense of improper venue." *Skyhawke Techs.*, 2017 WL 3132066, at *2.

*TC Heartland* upheld existing law; it did not change the law. *TC Heartland* involved a conflict between two venue provisions: (i) 28 U.S.C. § 1400(b), which specifically prescribed venue requirements for patent infringement cases, and (ii) the general venue statute, 28 U.S.C. § 1391, and most particularly subsection (c) of § 1391, which on its face contained a provision broadly defining the "residence" "for *all* venue purposes" of entities with a capacity to sue or be sued, incorporated or unincorporated, as being "*any* judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." *Id.* (emphasis added). Section 1400(b) provides that "any civil action for patent infringement may be brought in the judicial district where the defendant resides . . . ." The question was whether residence for venue purposes of § 1400(b) was to be construed on its own, or in accordance with § 1391(c), which as noted defined "residence" for legal entities extremely broadly, ostensibly "for all venue purposes," which would include the term "resides" as that term is used in § 1400(b).

Since 1992, the Federal Circuit had resolved this conflict (under an earlier but similar version of § 1391(c)) in favor of applying the broad definition of "residence" under § 1391(c) in order to interpret § 1400(b)'s reference to "where

the defendant resides." After all, § 1400(b) was also a venue provision.[5] *See VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1575 (Fed. Cir. 1990).

Despite the Federal Circuit's long-standing decision in *VE Holding*, which broadly interpreted § 1400(b) in light of the definition of residence in § 1391(c), Kraft Foods, the defendant in *TC Heartland*, decided in 2012 that it could indeed challenge venue in the district court. Kraft pointed out that, in addition to reciting "for all venue purposes" in § 1391(c), the lead-in language in § 1391(a) also recited the proviso "except as otherwise provided by law." According to Kraft, the "otherwise provided by law" was the Supreme Court's 1957 decision in *Fourco Glass*, which Kraft claimed had already definitively ruled that § 1400(b) itself exclusively controlled venue in patent infringement cases - and thus that *VE Holding* was wrong on the law and in conflict with controlling Supreme Court precedent.

The Supreme Court, in *TC Heartland*, ultimately sided with Kraft (the defendant challenging venue). It rejected the Federal Circuit's decision in *VE Holding* and applied the existing law of *Fourco Glass*:

---

[5] The exact language of § 1391(c) at the time of the *VE Holding* decision was: "[f]or purposes of venue *under this chapter*, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." (28 U.S.C. § 1391(c), emphasis added.) At that time (as now), § 1400(b) was in the same chapter of the U.S. Code as § 1391.

In *Fourco,* this Court definitively and unambiguously held that the word 'reside[nce]' in § 1400(b) has a particular meaning as applied to domestic corporations: It refers only to the State of incorporation. Congress has not amended § 1400(b) since *Fourco*, and neither party asks us to reconsider our holding in that case. Accordingly, the only question we must answer is whether Congress changed the meaning of § 1400(b) when it amended § 1391. When Congress intends to effect a change of that kind, it ordinarily provides a relatively clear indication of its intent in the text of the amended provision. The current version of § 1391 does not contain any indication that Congress intended to alter the meaning of § 1400(b) as interpreted in *Fourco*.

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S.Ct. 1514, 1520 (2017) (internal citations omitted).

Contrary to Defendants' assertions, *TC Heartland* did not change the law. "TC Heartland undoubtedly clarified the law, and without doubt litigants' understanding of it is now altered. But the defense to venue in this District was available to [defendant] because *Fourco* was never overruled." *Fox Factory*, No. 3:16-cv-00506, slip op. at 7 (N.D. Cal. July 18, 2017) (Lewis Decl., Ex. F).

"The majority view of the plain language of the Supreme Court" is that this was not a change of law. *Tinnus Enters.*, No. 6-15-cv-00551, slip op. at 3-4 (E.D. Tex. Aug. 8, 2017) (Lewis Decl., Ex. E). The Supreme Court "merely affirms the viability of *Fourco*, a case that was decided in 1957." *Id; see also Koninklijke Philips*, 2017 WL 3055517, at *3 (there is a "growing consensus that TC Heartland did not effect an intervening change in the law"); *Semcon IP Inc. v.*

*STMicroelectronics Inc.*, No. 2:16-CV-00439, slip op. at 1-2 (E.D. Tex. Aug. 10, 2017) (Lewis Decl., Ex. U) (recommending finding venue waived since *TC Heartland* is not an intervening change in the law); *Crest Audio, Inc. v. QSC Audio Prods., LLC*, No. 3:12-cv-755, slip op. at 1-2 (S.D. Miss. Aug. 7, 2017) (Lewis Decl., Ex. D) (noting that courts have come down on both sides, but following "the majority of other courts to have weighed in on this point" in finding *TC Heartland* is not intervening law and defendant's venue argument was thus waived); *MyMail, Ltd. v. Yahoo!, Inc.*, No. 2:16-cv-01000, slip op. at 4 (E.D. Tex. Aug. 17, 2017) (Lewis Decl., Ex. L) (recommending that since *TC Heartland* does not represent a change in the law, the court should find that defendant had waived the right to challenge venue). "Courts in no fewer than nine other districts that have addressed this issue" find that *TC Heartland* did not qualify as an intervening change in law. *Tinnus Enters.*, No. 6:15-CV-00551, slip op. at 2 (E.D. Tex. Aug. 8, 2017).

The patent venue defense was available to Defendants in the present cases, just as it was available to the defendants of *TC Heartland*. *See, e.g.*, *Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*, No. 2:15-CV-00037, 2017 WL 2651618, at *20 (E.D. Tex. June 20, 2017) ("[w]hile such a motion might have been viewed as meritless in a lower court, that does not change the harsh reality that Hughes would have ultimately succeeded in convincing the Supreme Court to reaffirm *Fourco*, just as the petitioner in *TC Heartland* did"); *Cobalt Boats, LLC v. Sea Ray Boats, Inc.*, No. 2:15-CV-21, 2017 WL 2556679, at *3 (E.D. Va. June 7, 2017) *mandamus writ denied*, No. 2017-125, 2017 WL 2577399 (Fed. Cir. June 9, 2017); *Takeda Pharm. U.S.A, Inc. v. Mylan Pharm., Inc.*, No. 16-cv-987, slip op. at 2 (D.

Del. Aug. 3, 2017) (Lewis Decl., Ex. V) (denying transfer as waived, since the objection to venue was available to the defendant).

Yet, Defendants did not challenge venue until after *TC Heartland* was decided, well past the appropriate stage of this proceeding for such a challenge. The instant motion is nothing more than "an attempt to circumvent [Defendants'] waiver." *Orthosie Sys., LLC v. Synovia Solutions LLC,* 4:16-cv-00995, slip op. at 7 (E.D. Tex. July 31, 2017) (Lewis Decl., Ex. N). Defendants here could have made a timely venue objection, as TC Heartland itself did, but chose not to.

As noted by Judge Andrews in the *Takeda Pharmaceuticals* case, *certiorari* was granted in the *TC Heartland* case on December 14, 2016. *Takeda Pharm.,* No. 16-cv-987, slip op. at 2. At least at that point, Defendants should have realized that the defense was available to them, and should have made this motion. But in addition to the years of active litigation and waiver, Defendants waited an additional six months, until the Supreme Court decided *TC Heartland*, before considering making this motion. Indeed, a substantial part of the labor-intensive litigation in this case took place *after* the Supreme Court's grant of certiorari in *TC Heartland*.

The decision in *OptoLum* (on which Defendants extensively rely) is instructive in this regard. There, as here, the defendants waited until after the *TC Heartland* challenge was well underway before raising venue themselves. The court noted this failure but also noted that "OptoLum asserts no unfair prejudice from Cree now raising the venue defense after *TC Heartland* was decided." *OptoLum, Inc. v. Cree, Inc.*, No. 2-16-cv-03828, 2017 WL 3130642, at *5 (D.

Ariz. July 24, 2017). Here, by contrast, there is substantial prejudice, for example by way of the 37 people who have been deposed, numerous rulings, and extensive *Markman* preparation that have taken place in these cases during the period between the grant of certiorari and the merits decision in *TC Heartland*.

The Defendants here argue that making a venue motion at the outset would have been a losing proposition in the first instance and would have "incurred the time and expense of appealing to the Federal Circuit and losing . . . and then filing a petition with the Supreme Court in the hope that it would grant certiorari and reverse *VE Holding*." (Defs.' Br. at 31.) But declining to assert a position because it might be too difficult or too expensive is the essence of waiver. Absent a rebuttal to the waiver that has occurred, all that remains to support any change in venue is some type of discretionary transfer. But it is far too late to entertain the notion of discretionary transfer in these cases.

Defendants also cite to cases reversed on the grounds of improper venue (Defs.' Br. at 33), but these cases are inapposite as they do not concern venue under § 1400(b). *E.g.*, *Olberding v. Illinois Cent. R. Co.,* 346 U.S. 338 (1953) (ruling that motorists do not impliedly consent to venue under 28 U.S.C. § 1391(a) by traveling through that district); *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach,* 523 U.S. 26 (1998) (finding venue based on 28 U.S.C. § 1407(a) improper); *Leroy v. Great Western United Corp.,* 443 U.S. 173 (1979) (finding venue based on the Securities Exchange Act of 1934 improper).

## C. The Present Cases are Too Far Along

Defendants rely on three decisions in which transfer was granted: *OptoLum, Inc. v. Cree, Inc.,* No. 2-16-cv-03828, 2017 WL 3130642 (D. Ariz. July 24, 2017); *Westech Aerosol Corporation v. 3M Co.,* No. 3-17-cv-05067, 2017 WL 2671297 (W.D. Wash. June 21, 2017), and *Hand Held Products Inc. v. The Code Corporation,* No. 2-17-cv-00167 (D.S.C. July 18, 2017) (Lewis Decl., Ex. G). *Westech* and *Hand Held Products* were both filed in January of 2017, and *OptoLum* was filed in November of 2016. Each of these cited cases were late 2016 or 2017 cases, all well under a year old when the venue challenge was raised.[6]

All of these cases Defendants rely upon consider the timeliness of the challenge and the stage of litigation. *See, e.g.,* *OptoLum,* 2017 WL 3130642, at *5 ("Cree timely filed its motion to amend . . . [and] . . . the litigation is still in its early stages"); *Westech Aerosol,* 2017 WL 2671297, at *2 ("[t]his case is only at the pleading stage."); *Hand Held Products,* No. 2-17-cv-00167, slip op. at 6 ("litigation in this matter has just begun."). In contrast, six of the seven cases at issue in the present motion were filed in 2014, and have been pending for over three years. The Webpower case (Case No. 15-cv-3581) was filed in May of 2015.

Defendants attempt to use a statement from *OptoLum* about that case's posture being before the *Markman* hearing. (Defs.' Br. at 31.) However, the *OptoLum* court did not set forth the occurrence of a *Markman* hearing some type of

---

[6] Defendants also cite to *McGinley v. Luv N' Care, Ltd.* and *Landmark Networks, LLC v. Valve Corp.*, as purportedly showing courts transferring cases pursuant to *TC Heartland* (Defs.' Br. at 2), but both of these cases were transferred on *consent*. No. 16-cv-00283, slip. op. at 1 (W.D. Mo. June 23, 2017); No. 16-cv-1382, slip op. at 1 (E.D. Tex. May 30, 2017).

talismanic standard. In *OptoLum*, *Markman* procedures were set to take place early

in the case, well before the close of fact discovery. *See OptoLum*, No. 2-16-cv-

03828, D.I. 59 (D. Ariz. April 12, 2017) (discovery to close 60 days after

*Markman* ruling). Such is not the case here, where three years of litigation have

occurred prior to *Markman*. There have been 37 people deposed and full rounds of

documentary and email discovery in the present cases, as well as substantial

motion practice, and the cases are in the midst of pre-*Markman* procedures and

already the drafting *Markman* briefs, all of which work will have to be

substantially repeated if these cases are transferred at the present juncture.

Defendants preemptively attempt to distinguish *Cobalt Boats LLC v. Sea

Ray Boats, Inc.*, No. 2:15-cv-00021-HCM-LRL, 2017 WL 2556679 (E.D. Va. June

7, 2017), in which the court denied a motion to transfer in light of *TC Heartland*.

(Defs.' Br. at 28.) However, the *Cobalt Boats* decision was based on the fact that

the defendant "made no efforts to raise its venue defense during the course of over

two years of litigation since the Answer.*" Cobalt Boats*, 2017 WL 2556679, at *4.

The same is also true here, where the Defendants have done nothing in three years

of litigation to raise this defense.

Since Defendants' motion was filed, there have been only a handful of cases

that have granted a dismissal or transfer of venue based on *TC Heartland* after the

defendant(s) filed an answer. As has been the pattern, most cases in which transfer

were in the very early stages. *See Prolacta Bioscience, Inc. v. Ni-Q, LLC,* No. 17-

cv-04071 (C.D. Cal. Aug. 7, 2017) (Lewis Decl., Ex. P) (granting motion to

dismiss based on venue where case was filed on May 31, 2017); *Blue Spike, LLC v.*

*Nook Digital, LLC* No. 6:16-cv-1361 (E.D. Tex. July 28, 2017) (Lewis Decl., Ex. B) (recommending the court find venue defense not waived where venue defense was preserved in Answer and where no motions had been presented and opening claim construction brief was months away.); *Maxchief Investments Limited v. Plastic Development Group, LLC*, 3:16-cv-63 (E.D. Tenn., Aug. 14, 2017) (finding venue defense not waived in the midst of *Markman*, with fact discovery closing five months later); *see also Jarratt v. Amazon.com, Inc.* No. 5:16-cv-05302 (W.D. Ark. Aug. 10, 2017) (Lewis Decl., Ex. J) (finding *TC Heartland* not intervening law, but transferring the case discretionarily under 28 U.S.C. § 1404 two months after initial disclosures.)

Other cases, although somewhat older, were in the midst of fact discovery. *POWERbahn, LLC, v. Foundation Fitness LLC*, No. 3:15-cv-00327 (D. Nev. Aug. 7, 2017) (Lewis Decl., Ex. O) (granting motion to dismiss where case was in the midst of fact discovery after a stay); *CG Tech. Dev., LLC v. Fanduel, Inc.* No. 2:16-cv-00801 (D. Nev. July 27, 2017) (granting transfer in the midst of fact discovery) (Lewis Decl., Ex. C); *Valspar Corp. v. PPG Indus., Inc.* No. 16-cv-1429 (D. Minn. Aug. 4, 2017) (Lewis Decl., Ex. Y) (granting transfer towards the end of fact discovery).

There is one outlier case that was recently decided, in which Judge Nelson, on the same day as the decision in *Valspar*, granted a transfer late in the case. *Cutsforth, Inc. v. Westinghouse Air Brake Techs. Corp.*, No. 12-cv-1200 (D. Minn. Aug. 4, 2017) (Lewis Decl., Ex. E). There is another decision, in the Northern District of Georgia, where Judge Thrash found *TC Heartland* to be an intervening

change of law and transferred the case at the summary judgment stage. *Ironburg Inventions LTD. v. Valve Corporation*, No. 1:15-cv-4219 (N.D. Ga. Aug. 3, 2017) (Lewis Decl., Ex. I). WAG's position is that these decisions are simply wrong on the law and that it would be error for this Court to follow them.

## D. LLCs are not Even Covered by the *TC Heartland* Ruling

Defendants neglect to address the fact that defendants Multi Media LLC, WMM, LLC, WMM Holdings, LLC, and Docler Media, LLC are limited liability companies and therefore not within the holding of *TC Heartland. TC Heartland* holds that "[a]s applied to domestic corporations, 'reside[nce]' in §1400(b) refers only to the State of incorporation." *TC Heartland*, 137 S.Ct. at 1517. The holding of *TC Heartland* is specifically limited to domestic corporations. In fact, footnote 1 of the *TC Heartland* decision emphasizes this fact:

> [i]n their briefs before this Court, however, the parties suggest that petitioner is, in fact, an unincorporated entity. See Brief for Respondent 9, n. 4 (the complaint's allegation was 'apparently inaccurat[e]'); Reply Brief 4. Because this case comes to us at the pleading stage and has been litigated on the understanding that petitioner is a corporation, we confine our analysis to the proper venue for corporations." *Id*. at 2. Limited liability companies are not corporations (*Erwin v. Waller Capital Partners, LLC*, 2010 WL 4053553 at *5 (D.N.J., 2010)) and therefore the ruling of *TC Heartland* does not necessarily apply to those entities.

*Id.* at 1517 n.1.

For the purposes of patent cases only, a domestic corporation resides only in its State of incorporation. *Id.* at 1517. Limited liability companies are not incorporated and therefore do not have a State of incorporation or a clear substitute. Rather, they are created and used because, unlike corporations, they are "pass-through" entities and do not have residences separate from their owners. *Vento. v. Director of Virgin Islands Bureau of Internal Revenue*, 715 F.3d 455, 787 n.22 (3d Cir. 2013). As a result, the residency, or even principal place of business, of an LLC can often be ambiguous. The analysis of residence for these two types entities is therefore very different. To assume that the Supreme Court intended district courts to equate the residency of an LLC with that of a corporation, using the jurisdiction where the entity is chartered as a simple proxy for the "State of incorporation" is to assume a holding that the Supreme Court never made and in fact expressly declined to address.

Defendants have, in fact, failed to argue in their moving brief that *TC Heartland* applies to LLCs. Their brief only goes so far as to state that "a corporation's residence for purposes of the patent venue statute is its place of incorporation." (Defs.' Br. at 9.) This assertion does not reach the LLC Defendants and fails to make a venue argument on their behalf. Defendants' failure to address this issue in their moving papers amounts to waiver of the any such argument. *See, e.g.*, *Yots v. Comm'r Soc. Sec.*, No. 16-3561, 2017 WL 3049427, at *4 n.13 (3d Cir. 2017) (issue not raised until reply brief in district court "waived" and "not properly raised."); *Narducci v. Moore*, 572 F.3d 313, 324 (7th Cir. 2009) ("district

court is entitled to find that an argument raised for the first time in a reply brief is forfeited").[7]

In short, Defendants Multi Media LLC, WMM, LLC, WMM Holdings, LLC, and Docler Media, LLC may not rely on *TC Heartland* (as they have) for the proposition that they are deemed to "reside" for purposes of 28 U.S.C. §1400(b) in the state under which the LLC is organized. The Supreme Court simply made no such determination for an LLC.

Similarly, foreign defendant Duodecad IT Services Luxembourg S.à r.l. is not subject to the holding of *TC Heartland,* because it is not a domestic corporation - another category of entity expressly carved out by the Supreme Court from its ruling in *TC Heartland*. *TC Heartland*, 137 S.Ct. at 1520 n.2. The other Defendant in that case, Docler Media, LLC is an LLC and therefore not within the holding of

---

[7] One district court where this issue was properly raised decided it on the basis of treating LLCs the same as corporations for venue purposes. *See Maxchief Investments Limited v. Plastic Development Group, LLC*, 3:16-cv-63, slip op. at 4 (E.D. Tenn. Aug. 14, 2017) ("Unincorporated associations, such as limited liability companies, are generally treated like corporations for purposes of venue, whereby the 'residence' is the association's principle [sic] place of business.") (citing *Roberts v. Paulin*, No. 07-CV-13207, 2007 WL 3203969, at *2 (E.D. Mich. Oct. 31, 2007). WAG asserts this holding is incorrect, in equating "residence" with principal place of business. A corporation is deemed to reside where it is incorporated, not where it has its principal place of business. The principal place of business can be relevant to the other prong of 28 U.S.C. §1400(b), wherein venue can lie where "the defendant has committed acts of infringement and has a regular and established place of business." But this is a different requirement, not based on "where the defendant resides," In any case, as noted, Defendants have not properly preserved this argument in their moving papers and should not be permitted to raise it for the first time in reply.

*TC Heartland*, and therefore the foreign entity cannot piggyback on the LLC Defendant's motion.

Granting dismissal or transfer of the remaining defendants would therefore require severing closely related cases, wasting time and resources of the courts and all parties involved. Such severing would be against the interests of justice and efficiency and should therefore be denied.

## <u>CONCLUSION</u>

In sum, WAG respectfully submits that the legally correct answer to Defendants' motion is that any objection to venue was waived by Defendants' failure to have raised improper venue in their initial motion under Rule 12 or at any prior time during the extended litigation in these cases, including after the Supreme Court's grant of Certiorari in *TC Heartland*. Furthermore, in the absence of any such motion for three years in most cases, the present matters have progressed to a stage such that any transfer would be unjust, inefficient, an unwarranted imposition on transferee courts, and an abuse of discretion. Finally, three out of the four cases involved in the present motions involve LLCs, and Defendants' motions failed to make any argument why, as LLCs, those Defendants are entitled to the relief sought by Defendants' motion.

For all of those reasons, Defendants' motion must be denied.

Dated: August 22, 2017        Respectfully submitted,

RONALD ABRAMSON
DAVID G. LISTON
ARI J. JAFFESS
M. MICHAEL LEWIS
**LEWIS BAACH KAUFMANN MIDDLEMISS pllc**
The Chrysler Building
405 Lexington Avenue
New York, NY 10174

By: s/ Ronald Abramson
       Ronald Abramson
Tel: (212) 822-0163

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

On this 22nd day of August, 2017, I certify that I caused a copy of the foregoing Plaintiff's Brief in Opposition to Defendants' Joint Motion to Dismiss or Transfer to be served upon counsel for Defendants via the Court's ECF filing system.

Dated: August 22, 2017

<div style="margin-left:40%">

s/ M. Michael Lewis
  M. Michael Lewis
**LEWIS BAACH KAUFMANN**
  **MIDDLEMISS pllc**
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
Tel: (212) 826-7001

</div>